BERTHA SHAIN, Appellee, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, Appellant.

No. 46198.

FEBRUARY 9, 1943.

Griffin & Griffin, of Sioux City, for appellant.

Stewart & Hatfield, of Sioux City, for appellee.

WENNERSTRUM, J.—Plaintiff's husband, at the time of his death, was the holder of a health-and-accident insurance policy, issued by the defendant association. The plaintiff seeks recovery of $3,000 as a death benefit, asserting that this amount is due her by reason of the provisions of the policy. The death of the insured resulted, it is claimed, on account of an accidental fall from a tree. Hernia developed immediately following the fall and a few days thereafter the husband died. The defendant admitted in its answer that its policy was in full force and effect at the time of the accident and the death of the insured; but claimed that under an exception in the policy any accidental injury, fatal or otherwise, resulting in hernia, was to be paid as a sickness benefit only; that defendant had offered to pay and had tendered the payments due under the exception to the contract, and that plaintiff refused these payments. The plaintiff filed a demurrer to this answer, which was sustained by the trial court. The defendant elected to stand on its answer and judgment was rendered in favor of the plaintiff for $3,000. The defendant has appealed from this judgment.

The facts as disclosed by the pleadings may be summarized as follows:

On July 18, 1927, defendant issued to C. E. Shain, the husband of the plaintiff, an accident-and-health policy. On May 28, 1942, while the policy was in force, he received by accidental means a bodily injury caused by falling from a tree. This injury resulted in a hernia, and, from complications resulting therefrom, death occurred on June 3, 1942. The insured was totally disabled and confined indoors for six days after the accident. The defendant has tendered to the plaintiff $15 for six days as a sickness benefit and $15 for hospital benefits. These payments have been refused. It is the contention of the

defendant that it was not liable under that part of the policy relating to accidental death, but it did admit liability for the provision of the policy pertaining to sickness. In order that the respective provisions of the policy, which are the subject of the controversy in this litigation, may be understood, we are here incorporating them. The section of the policy termed the "Insuring Clause" is as follows:

"Insuring Clause: Charles E. Shain (herein called the Insured) of City of Bronson, State of Iowa, against loss of life, limb, sight, or time, resulting directly and independently of all other causes, from bodily injuries sustained through purely Accidental Means (Suicide, sane or insane, is not covered), and against loss of time on account of disease contracted during the term of this Policy, respectively, subject, however, to all the provisions and limitations hereinafter contained."

The essential portion of part A, pertaining to accident indemnities, is as follows:

"If the Insured shall, through accidental means, sustain bodily injuries as described in the Insuring Clause, which shall, independently and exclusively of disease and all other causes, immediately, continuously and wholly disable the Insured from the date of the accident and result in any of the following specific losses within thirteen weeks, the Association will pay * * *."

Part K, which relates to the insurance coverage as to sickness, is as follows:

"All diseases are covered by this Policy.

"Any accidental injury, fatal or otherwise, resulting in hernia, boils, carbuncles, felons, abscesses, ulcers, infection, septicaemia, ptomaine poisoning, cancer, diabetes, fits, peritonitis, apoplexy, sunstroke, freezing, hydrophobia, sprained or lame back, shall be paid for as provided in Part H or I anything to the contrary notwithstanding."

Part H referred to in part K, supra, relates to illness-indemnity payments for confinement as the result of disease, and part I relates to illness indemnities for sickness that is non-

confining. The demurrer of the plaintiff to defendant's answer contends that it does not constitute a defense to plaintiff's cause of action; that the insured received a bodily injury caused solely by accidental means, which said accident caused a hernia, and that the insured died as a direct result of the injury sustained by him; that where a policy, in a specific clause, provides for benefits, by clear and comprehensive language, against death from bodily injury caused by accidental means, liability for such death will not be destroyed by language of the exceptions unless such exceptions are clear and free from reasonable doubt. The plaintiff, in her demurrer to defendant's answer, specifically alleged:

"That the insuring clause and Part 'A' of the policy providing for specific losses, expressly covers the loss of life resulting from bodily injuries sustained through purely accidental means, and that the exceptions as contained in Part 'K' of said policy create an ambiguity in interpreting the provisions of said policy, and, therefore, the policy should be construed as creating a liability for the death resulting from said injury caused by accidental means."

The question that is presented to us for determination is whether the exception as noted in part K of the policy is controlling and determinative as to the liability of the defendant or whether the provisions of part A are the basis upon which determination of the defendant's liability must be based.

The general rules as to construction of insurance policies have been frequently commented upon in this court. Our recent pronouncements, relating to these various rules, are found in Brush v. Washington Nat. Ins. Co., 230 Iowa 872, 299 N. W. 403, and New York Life Ins. Co. v. Rotman, 231 Iowa 1249, 3 N. W. 2d 603, 604. We do not deem it necessary to make further comment thereon. However, we do consider it pertinent to discuss the particular policy that is the subject of this litigation. This policy and the particular provisions here involved have been considered by courts of other jurisdictions. In the case of Frenzer v. Mutual Ben. H. & Acc. Assn., 27 Cal. App. 2d 406, 416, 81 P. 2d 197, 202, it is said:

"If, however, the language of part A and part K may be considered as conflicting then the general rule should apply that where the language of the policy is susceptible of two constructions that which is most beneficial to the insured should be adopted."

In the case of Mutual Benefit Health & Acc. Assn. v. Ryder, 166 Va. 446, 455, 185 S. E. 894, 898, it is stated:

"One cannot in the same policy for one accident promise to pay a certain sum and then reduce it by another method of calculation which may and does in the instant case reduce it to practically nothing. 'Special Coverage' is not more specific than 'Special Loss.'"

In commenting upon parts A and B and subsequent restrictive divisions of the policy, the Virginia court, in this last-cited case, makes this statement, at page 458 of 166 Va., page 899 of 185 S. E.:

"Parts A and B deal with a death loss and purport to deal finally with such a claim. Then follow provisions for disability benefit which in number threaten to exhaust the possibilities of the alphabet. One line in 'Part M' again takes up accidents which are fatal, sets aside all that has been said, and in this case wipes away the right to recover. Such at least is the claim now made and it is a fraudulent claim."

A verdict in this last-cited case for the beneficiary of the insurance policy issued by the association was affirmed.

In the case of Suggs v. Mutual Ben. H. & Acc. Assn., 10 Cir., Okla., 115 F. 2d 80, 84, the court, in commenting upon the particular sections that are under consideration in this present litigation, makes the following statement:

"It is more reasonable to assume that by Part K the parties intended to provide additional benefits for illness resulting from an accidental injury not covered by Part A, rather than that they intended thereby to nullify the specific benefits unconditionally promised in Part A. To hold that Part K is restrictive and limits the benefits provided for specific losses for all prac-

tical purposes would in many instances completely nullify the provisions of Part A. As was said in Frenzer v. Mutual Benefit Health & Accident Ass'n., 27 Cal. App. 2d 406, 81 P. 2d 197, 202: 'It would hardly be possible for anyone to receive an accidental injury which subsequently caused his death to go through a period of thirteen weeks without developing some one of the specific conditions named in part K.'

"This provision has been construed by the Supreme Court of California in Frenzer v. Mutual Benefit Health & Accident Ass'n, supra, and by the Supreme Court of Virginia, in Mutual Benefit Health & Accident Ass'n v. Ryder, 166 Va. 446, 185 S. E. 894, and in each case it was held that Part K was an extension of coverage rather than one of limitation. With that construction we agree."

The defendant association contends that this present litigation is controlled by the case of Walters v. Mutual Ben. H. & Acc. Assn., 208 Iowa 894, 899, 224 N. W. 494, 496. The defendant in the last-cited case is the same as in the present appeal. However, in the Walters case, supra, the question involved was whether or not the accident "immediately, continuously, and wholly disabled the insured from the date of the accident."

In this last-cited case, we find this statement:

"In placing an interpretation upon an insurance contract, it is well settled that, if its terms are ambiguous, that construction will be given it which is most favorable to the insured. On the other hand, this rule does not warrant an arbitrary judicial construction. The language of the article in controversy must be taken in its ordinary and usual sense, and must be given such interpretation as was probably in the contemplation of the parties when the policy was issued."

In the last-referred-to case the court held that, by reason of the limitations of the policy, death from the injury must be by reason of immediate and continuous disability, and under the facts there was no liability.

It is our conclusion that the Walters case is not decisive of the question here involved. We there held that the provision of the policy relating to an accident that "immediately, con-

tinuously, and wholly disabled the insured from the date of the accident'' was definite in its terms.

It is our opinion that, on account of the statements made in the insuring clause, the provisions as to specific losses in part A, and the restrictive clauses in part K, there is an ambiguity in the contract now before us, and that in its interpretation it should be construed most favorably to the insured. The statement made by Justice Oliver in New York Life Ins. Co. v. Rotman, supra, is quite applicable in this case. It was there stated, at page 1251 of 231 Iowa, page 604 of 3 N. W. 2d, as follows:

''The test to be applied by the court in determining this issue is not what the insurer intended its words to mean, but what a reasonably prudent person applying for insurance of this type would have understood them to mean.''

The terms of an insurance policy can and should be stated in concise and definite language. If the insurer desires to have certain exceptions apply to a definite provision of a policy, it should so state in that particular provision. The failure to do so leads to ambiguity. If a policy is not stated with definiteness, and there is ambiguity, the provisions of a policy should be construed liberally in favor of the insured.

We hold, as do certain of the prior cited cases, that approval cannot be given to the provisions of a policy which seek in one part to cover certain conditions, and thereafter, in a subsequent part, take them away.

Under the pleaded facts in this case, it is our conclusion that the ruling of the trial court was right and that it should be affirmed.—Affirmed.

All JUSTICES concur.