Roy C. Folsom, Appellee, v. E. H. Grove, Appellant.

No. 46327.

October 19, 1943.

Leslie E. Francis, of Des Moines, for appellant.

Grimm, Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellee.

SMITH, J.—It is difficult to determine satisfactorily just what record was before the district court. We have "Appellant's Abstract of Record," "Appellee's Denial of Abstract of Record and Amendment Thereto," and "Appellant's Denial of Appellee's Amendment."

Upon our order the clerk of the district court has certified to us "a true copy of the Court files * * * which file includes a so-called transcript from the Justice of the Peace Court * * *." This latter language of the clerk's certificate evidently refers to a "Return on Writ of Error" signed by the justice. This "return" seems to have been prepared by someone else for the justice's signature. It is typewritten but has been changed by handwritten interlineations and pen-and-ink deletions, presumably made by the justice before he signed it. It is not self-explanatory but refers to the thirty paragraphs of the "application for writ of error," copy of which was served on the justice with the writ. This copy of the "application" is also marked and corrected in a quite unintelligible manner and the references in the "return" to the paragraphs of the "application" are not always self-explanatory.

The net result is that our own statement of the record may leave much to be desired in the matter of exactness. However, we have conscientiously sought to find out just what was or should have been reviewed by the district court.

The clerk's transcript shows that plaintiff filed a verified "Motion to Dismiss and Resistance to Writ of Error," which purports to set out testimony not contained in the justice's return. The transcript also shows a "Motion to Strike Plaintiff's Affidavit," based on the proposition that the cause must be "determined solely upon the return of the Justice filed herein." We are not told what the district court did with this motion.

Plaintiff's action was upon a promissory note. The sole defense was a plea of payment based upon a transaction in which defendant quitclaimed to plaintiff his home in Spirit Lake.

Plaintiff was not present when the deed was executed and had no personal contact with defendant in the negotiations which led to its execution. Both parties seem to have depended on plaintiff's father (who was also defendant's father-in-law) as an intermediary. Defendant claims the deed was given not only in satisfaction of a mortgage on the premises held by plaintiff but also in consideration of a cancellation of the note in question here (which was unrelated to the mortgage) and a payment by plaintiff of some small debts owing by defendant to others.

Defendant's testimony, as returned by the justice, is as follows:

"That he owed the bank at Spirit Lake by mortgage upon his said home which mortgage became due and payment was demanded; that plaintiff's father, one Frank Folsom, advised defendant that plaintiff would make a loan upon said home in amount sufficient to cover said indebtedness and that said loan was duly made; that when it became due defendant was still unable to pay the same and that plaintiff's said father advised him that plaintiff demanded a deed of said home or would foreclose; that after some negotiations it was agreed that defendant would execute the said deed if plaintiff would pay three certain items of indebtedness of defendant, to wit, one of $6.00 or $8.00 to the telephone company, another of similar amount to the electric light company and a grocery bill of about $180.00 and in addition thereto would cancel the note herein sued upon; that said matter was fully discussed between plaintiff's father and defendant and later defendant was taken by plaintiff's father to H. E. Narey, an attorney at law in Spirit Lake, to whom the understanding relative to said three items and said note was repeated; that said Narey then prepared the said deed and same was signed and acknowledged by defendant and his said wife; that said deed was then delivered to plaintiff's father who delivered same to plaintiff and same was recorded by plaintiff and later possession of said premises was taken by plaintiff."

■ I. We agree with defendant's contention that the reviewing court could only consider the record as returned by the

justice, in the absence of appropriate proceedings to correct the return if it was claimed to be incomplete or inaccurate as bearing on the alleged errors. Code of Iowa, 1939, section 10610; Schaefer v. Whitman & Son, 146 Iowa 64, 124 N. W. 763.

■ II. The burden was on defendant to prove by competent evidence his defense of payment. This proposition seems too elementary to require citation of authorities, but see Riggs v. Gish, 201 Iowa 148, 205 N. W. 833; Youtsey v. Lemley, 169 Iowa 401, 151 N. W. 491.

■ III. There is no evidence of payment except what is returned of defendant's testimony above quoted. It falls short of sustaining the defense. Defendant and plaintiff never met in the transaction relied on by defendant. There is no evidence that the intermediary represented plaintiff. If it be claimed that he represented himself to defendant as an agent of plaintiff, we must remember that agency cannot be proven by declarations of the claimed agent. Humphrey v. Baron, 223 Iowa 735, 273 N. W. 856. We do not know what representations the senior Folsom made to plaintiff. So far as this record shows, the father was a self-appointed go-between whose statements to defendant were not binding on plaintiff. This is true as to his services both in negotiating the mortgage and later in the cancellation of the mortgage by the deed. Each party may have thought the father to be the agent of the other. At any rate, there is no evidence that plaintiff knew of, or authorized, any commitments binding on him. Defendant attaches importance to the justice's language:

"The defendant claims it [the note sued on] was satisfied in this transaction but there is no evidence that the defendant demanded the surrender of this note—it remained in the hands of the original owner who swears it is unsatisfied."

The argument seems to assume the justice based his decision on plaintiff's continued possession of the note.

We have pointed out wherein defendant failed to sustain his defense. If it be thought the justice gave the foregoing as sole basis for his decision, we can only say it would not be the first time a learned court has given a wrong reason for a right decision.

But the justice here proceeded to add: "The burden is on the defendant." We cannot assume he was unmindful of the lack of competent evidence to sustain this burden. We think there was no error of law in his decision. The evidence as shown by his return would not have justified any other result. We are in accord with the action of the district court in affirming his decision and the judgment is affirmed.—Affirmed.

All JUSTICES concur.