A. V. HASS, executor of estate of MILLER REAM, deceased, appellant, v. HAROLD KASTER, appellee.

No. 48612.

(Reported in 66 N.W.2d 878)

NOVEMBER 16, 1954.

A. V. Hass, of Chariton, pro se.

Johnson & Johnson, of Knoxville, for appellee.

WENNERSTRUM, J.—Plaintiff's testator was the original payee of a promissory note executed by defendant as part payment of the purchase of an automobile. Suit was brought by testator during his lifetime but trial was not held until after his death. A jury was waived and trial was had to the court. It found for the defendant and dismissed plaintiff's petition. Testator's executor, who had been substituted as party plaintiff, has appealed.

The note sued on was executed by the defendant on February 8, 1937, and was made payable and delivered to Ream Motor Company of Chariton, Iowa, which was owned by the decedent, Miller Ream. It provided for monthly payment and there is evidence the defendant had paid three or four payments of $10 each. He also made some improvements on the car. Although defendant in his answer had pleaded the note in question was secured by a chattel mortgage he testified at the trial he did not recall whether a chattel mortgage or bill of sale was given at the time he signed the note.

 The execution of the note developed by reason of a transaction with a salesman associated with the place of business the testator then operated in Knoxville, Iowa. It appears defendant traded a 1929 Ford for a 1932 Ford coupé. The defendant testified over the objection by the plaintiff that it was hearsay he had learned one Don Bester had come after the car.

The defendant stated Bester was employed by Ream at that time. Over the further objection the "dead man's statute" (section 622.4, 1950 Code) prohibited it the defendant testified he had heard nothing concerning the note from Ream or any of his agents until notice of the suit here before us for review was served on him. We may observe now that at least insofar as the question called for a denial from Ream, the witness was incompetent. A witness testifies to a personal transaction no less when he denies it than when he affirms it. In re Estate of Stratman, 231 Iowa 480, 483,1 N.W.2d 636; Bell v. Pierschbacher, 245 Iowa 436, 446, 62 N.W.2d 784, 790. The petition was filed June 6, 1947.

The car was repossessed in August 1937. Over the objection the testimony was hearsay, the defendant testified he learned the car was taken by Don Bester who he knew was employed by Ream.

C. E. Rowland, at whose farm the defendant was then employed, testified he believed Don Bester came after the car. He was further questioned: "Q. What was said with reference to the car, his taking the car, and the note, cancelling the note, if anything?" Over the objection the answer would be irrelevant and immaterial and hearsay, a declaration of a claimed agent himself, the court permitted the following record to develop subject to the objections: "A. I said to him, I says—he said he had come after the car of Kaster's, he said a payment or two wasn't paid. Well, I says, I don't know whether I have got any right to let you have the car or not. I says, I will still let you have it provided they cancel all that is against it. He said 'they sure will, that is what they sent me out here for.' Q. He said they would. A. Yes. Q. Then did he take the car? A. He took the car."

The court in its oral determination of the case stated in part: "The evidence to make agency is rather weak, but he does testify that the fellow was employed by Miller Ream."

The substituted plaintiff states in his brief the sole question for determination is the sufficiency of the evidence to sustain the findings and judgment of the trial court. In other words, we must determine whether there is sufficient evidence of agency

by which the plaintiff's testator can be held to have been bound by the statements attributed to the individual claimed to be his agent.

I. Unless there is admissible and competent evidence Don Bester was an agent of Miller Ream and had authority to make statements the repossession of the car would result in the cancellation or payment of the note and thereby bind the original payee, the defendant cannot prevail.

The most that can be said for the relationship between Bester and Ream is that the former, according to the defendant's testimony, was employed by the latter. One who is employed to represent another in contractual negotiations is an agent, while one who is employed to perform personal services for another is an employee or servant. 2 C. J. S., Agency, section 2e, page 1029. The mere fact of employment does not necessarily bespeak agency, at least it does not disclose the extent and scope of it.

Other than the fact of the claimed employment which in itself would not disclose the extent of the agency, what other evidence is there? We do have the claimed statements attributed to Bester relative to what would result from the taking of the automobile in relation to the further liability on the note. But the authority of an agent cannot be proved by the statements of the agent alone. Humphrey v. Baron, 223 Iowa 735, 740, 273 N.W. 856, and cases cited, and Folsom v. Grove, 233 Iowa 1140, 1143, 11 N.W.2d 368, 369. The last cited case has some similarity to the present one. As therein shown there were some negotiations concerning the settlement of a note which resulted in the conveyance of a property. We there stated: "* * * At any rate, there is no evidence that plaintiff knew of, or authorized, any commitments binding on him." That is likewise true in the instant case.

II. Where there is no competent evidence to support the court's decision against the plaintiff we are justified in reversing it. In the present case we find there is no admissible evidence in the record to support a holding that the claimed representative of Ream was authorized or empowered by his claimed employer to bind him relative to the cancellation of the note. The results in this case may appear harsh but long-

accepted principles of evidence cannot be ignored. There was no definite plea of settlement or any other defensive plea.

The cause is reversed and remanded for a new trial. Olson v. Hodges, 236 Iowa 612, 627, 19 N.W.2d 676; rule 349, R. C. P. —Reversed and remanded.

All JUSTICES concur.