**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff,**

v.

**James A. ZIARNO, Edward T. Chamberlain and American Fidelity Fire Insurance Company, Defendants.**

**Civ. No. 7050.**

United States District Court
N. D. New York.

Feb. 12, 1959.

198

Murphy, Aldrich, Guy, Broderick & Simon, Troy, N. Y., for plaintiff, Morris Simon, Troy, N. Y., of counsel.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for defendant, James A. Ziarno, Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

Simon, Wolf & Rosch, Ballston Spa, N. Y., for defendant, Edward T. Chamberlain, Charles H. Wolf, Ballston Spa, N. Y., of counsel.

Stephen P. Vinciguerra, Troy, N. Y., for defendant, American Fidelity Fire Ins. Co.

FOLEY, District Judge.

■ On December 31, 1956, James A. Ziarno, while acting within the scope of his government employment, and driving a Dodge truck owned by the United States of America, was involved in a collision with an automobile owned and operated by Edward T. Chamberlain. This common-type accident ordinarily follows simple legal procedure for solution although at times the issues of negligence, contributory negligence and damages may be bitterly contested. However, despite the simple factual situation outlined, complexity is created by a varied series of legal maneuvers.

Chamberlain sued Ziarno in Supreme Court, Saratoga County, for personal injuries. His collision insurance carrier, American Fidelity Fire Insurance Company, sued Ziarno in Chamberlain's name for the property damage involved in County Court, Albany County. At first the attorneys for the plaintiff here, Government Employees Insurance Company, filed an answer for Ziarno in the Saratoga action, but later disclaimed on the ground that the policy of insurance issued by it to Ziarno did not cover him for bodily injury liability and property damage liability because of the special provisions of the policy and endorsement. Such coverage is the problem presented to me.

Next, Chamberlain instituted in this Court an action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, for the same injuries and damages he claimed in his State action. The American Fidelity Fire Insurance Company, now in its own name as assignee, sued the United States under the same Act in this District Court for the same property damages claimed in the Albany County Court. Thus we now have four actions pending. The plaintiff Insurance Company filed a

suit in this Court under the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, requesting mainly a declaration and interpretation of its responsibility to Ziarno as to coverage under the terms of its policy issued to him. Based upon this suit, the United States Attorney, acting in behalf of named defendant, Ziarno, moves for summary judgment requesting construction of the policy in his favor as to coverage and the plaintiff moves for summary judgment as to the relief requested in its declaratory judgment complaint. Chamberlain and American Fidelity Fire Insurance Company seem only to be waiting on the sidelines for decision, because although their attorneys participated in the oral argument no affidavits in opposition to either contention here or briefs are filed in their behalf.

The suit by the Plaintiff for declaratory judgment under these circumstances is a proper one. The Federal Declaratory Judgment Act with respect to these situations of liability insurance coverage is discussed in 6 Moore 2d ed., pages 3111–3115. Settled law also supports such declaratory action by liability insurance companies when in the position of the plaintiff here. Associated Indemnity Co. v. Garrow Co., D.C., 39 F.Supp. 100, affirmed 2 Cir., 125 F.2d 462; Maryland Casualty Co. v. Pacific Oil & Coal Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Maryland Casualty Co. v. Boyle, 4 Cir., 123 F.2d 558, 565. Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A., permits motions for summary judgment in declaratory judgment actions.

■ The prime question concerning the interpretation of the coverage under the policy of liability insurance to Ziarno by the plaintiff is, in my judgment, as simple as one can encounter. An endorsement is attached to the policy of insurance entitled "Special Named Nonowner Federal Employees". For the protection granted under the policy of insurance and this endorsement Ziarno agreed to pay $10.20 and this amount in itself indicates substantial limitation of the usual liability coverage of ordinary policies of liability insurance. The endorsement is complete agreement in itself with clear terms and applies the coverage "with respect to an automobile owned by or in the care, custody or control of the Federal Government or any political subdivision thereof subject to the following provisions:

"(1) * * *

"(2) The insurance afforded by this endorsement shall not apply to any liability for which protection is afforded under the provisions of the Federal Tort Claims Act, whether claim is asserted against the United States of America, the operator insured under this endorsement, or both;

"(3) The insurance afforded by this endorsement is limited to the legal liability of the named insured under circumstances wherein protection is not afforded him in the operation of Government-owned or leased vehicles under the provisions of the Federal Tort Claims Act.

"(4) * * *"

These limiting provisions are clearly stated in layman's language and to me unmistakably evidence agreement to afford insurance coverage only when the insured is driving a government-owned automobile and is not "acting within the scope of his office or employment." In such situation he would not have the protection of the Federal Tort Claims Act and legal liability then could only be imposed upon him as an individual. 28 U.S.C.A. §§ 1346(b), 2674. I do not follow the brief of the government arguing inconsistencies in the terms of the policy and endorsement as to private passenger automobiles, automobiles, trucks being automobiles and also motor vehicles, in an attempt to obtain interpretation that the policy and endorsement affords coverage. We have here a concrete factual situation that the employee, Ziarno, was driving a government-owned Dodge truck admitted by the government in its brief and answers in this Court

**200**

within the scope of his employment. These actual circumstances bring the occurrence under precise and plain terms of the agreement. There is no need for abstract interpretation.

 Defendants in this suit, Chamberlain and American Fidelity Fire Insurance Company, had the right to institute suits in the State courts against the government employee. Government employees are personally liable for their own torts to third persons; their employment by the government is no cloak of immunity, and suits can be instituted against them notwithstanding the Federal Tort Claims Act. The Federal Tort Claims Act, 1957, William B. Wright. The Act does not touch the liability of the employees except in one respect in that it makes the judgment against the United States a complete bar to any action by the claimant against the employee. 28 U.S.C.A. § 2676; United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898. The power in this Court to stay State Court proceedings is very limited by Statute, (28 U.S.C.A. § 2283), and it has been held in situations of this kind such injunction or stay should not be granted against the State actions. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 274, 61 S.Ct. 510, 85 L.Ed. 826; Central Surety & Insurance Corp. v. Norris, 5 Cir., 103 F.2d 116, 117; Maryland Casualty Co. v. Consumers Finance Service Inc. of Pennsylvania, 3 Cir., 101 F.2d 514, 516; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, 670; see also Moon v. Price, 5 Cir., 213 F.2d 794.

Therefore, with these considerations in mind, the relief prayed for in the complaint here cannot be granted totally. Stay and injunction of the pending State suits will not be granted and the plaintiffs there must decide whether they want to maintain that route in view of my decision and judgment of non-coverage of the policy of liability insurance.

The motion for summary judgment is granted as a matter of law in favor of the plaintiff, Government Employees Insurance Company, for the relief prayed for in paragraphs (a), (b), (c), (f), (h) and (i) of the complaint, and otherwise denied. The motion of James A. Ziarno for summary judgment is denied for the reasons indicated herein. Accordingly, a proper order and form of judgment shall be submitted by the Attorneys for the plaintiff with three days' notice of settlement to Attorneys for defendants.