KEYS ENGINEERING COMPANY, a Florida corporation, Plaintiff,

v.

BOSTON INSURANCE COMPANY, a Massachusetts corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation, Defendants.

No. 9201-M-Civil.

United States District Court
S. D. Florida,
Miami Division.

Feb. 13, 1961.

Norman S. Pallot, Miami, Fla., for plaintiff.

James Hurley, Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for defendant, Boston Ins. Co.

A. Judson Hill, Hill, Welsh, Cornell, Ross & Pyszka, Miami, Fla., for defendant, American Cas. Co. of Reading, Pa.

LIEB, District Judge.

This Cause came on to be heard before the Court, sitting without a jury. The Court having considered the stipulated facts, having examined the exhibits placed in evidence in this cause, and having considered the arguments and briefs of counsel for the respective parties, does now enter its Findings of Fact and Conclusions of Law.

Findings of Fact

1. This is a suit for a declaratory decree, brought by Keys Engineering Company, the insured, against the Defendants, Boston Insurance Company and American Casualty Company of Reading, Pennsylvania, the insurers, for a determination of and enforcement of the rights of the insured, pursuant to policies of insurance with each of the insurers.

2. On March 21, 1956, the American Casualty Company issued its policy of insurance to the Keys Engineering Company through its agent, Keys Insurance Agency. This policy being a "Standard Workmen Compensation and Employers' Liability. Policy", No. U–32556, for a period from March 21, 1956, to March 21, 1957.

3. On June 1, 1956, the Boston Insurance Company issued its policy of insurance to Keys Engineering Company, through the Key West Insurance Co. This policy being a "ship owners Liability Policy" upon the Dredge "Clearwater", No. 486460, for a period from June 1, 1956, to June 1, 1957.

4. The Keys Engineering Company paid the full premium due for each of the said policies, in consideration for the issuance of the said policies of insurance.

5. On June 6, 1956, while the said policies of insurance were in full force and effect, Noard L. Baker, an employee of Keys Engineering Company, was fatally injured while in the course of his employment while aboard the Dredge "Clearwater".

6. On January 12, 1959, the estate of Noard L. Baker and his widow, Florence Baker, recovered a Judgment against the Keys Engineering Company for the sum of $80,000, plus interest and court costs, in the United States District Court for the Southern District of Florida, case No. 7983–M–Civil.

7. Boston Insurance Company was requested and did defend Keys Engineering Company without prejudice in the case of the estate of Noard L. Baker and his widow, Florence Baker, in the United

States District Court for the Southern District of Florida, case No. 7983–M–Civil.

8. The Defendant insurers were requested to pay the aforementioned judgment. Boston Insurance Company paid $55,000 but refused to pay any further sum. American Casualty Company refused to pay any sum on account of said Judgment.

9. On February 24, 1959, the sum of $80,782.04 was paid in full satisfaction of the said Judgment.

10. The Keys Engineering Company paid upon the said Judgment the sum of $25,782.04, that being the difference between the total judgment plus interest and the $55,000 paid by Boston Insurance Company.

11. Keys Engineering Company's claim against both of the Defendant insurers is for the aforesaid sum of $25,-782.04.

12. The American Casualty Company policy of insurance contains two separate and distinct coverages:

(1) "Workmen's Compensation" referred to as Coverage "A".

(2) "Employer's Liability" referred to as Coverage "B".

13. The wording of the policy describing the "coverage" offered by "Workmen's Compensation"—Coverage "A", is as follows:

*Page 1, Item 3:*

"Coverage A of this policy applies to the workmen's compensation law and any occupational disease law of each of the following states: Florida."

*Page 2, Paragraph 1:*

"Coverage A—Workmen's Compensation. To pay promptly when due all compensation benefits required of the insured by the workmen's compensation law."

14. The wording of the policy describing the coverage offered by "Employers' Liability"—Coverage "B", is as follows:

*Page 2, Paragraph 1; Sub-paragraph 2:*

"Coverage B—Employers' Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto."

15. It has been judicially determined by this Court in the prior suit by the Estate of the said deceased employee against Keys Engineering Company, that the said employee, Noard L. Baker, did not come within the Florida Workmen's Compensation Act. F.S.A. § 440.01 et seq.

16. On November 8, 1955, a letter [American Casualty Company's Exhibit C] was sent from the offices of the Plaintiff, Keys Engineering Company, to the Key West Insurance Company requesting a corrected billing for the coverage afforded by American Casualty Company Policy No. U–19311 for the reason that certain employees of the Plaintiff were covered by a standard P & I policy written by the Defendant, Boston Insurance Company. On October 29, 1957, after the occurrence of the loss from which this suit resulted, American Casualty Company sent a corrected bill to the Keys Insurance Agency showing a return premium of $120.04 to be due to the Plaintiff on Policy No. U–32556, which corrected billing was acted upon by the Keys Insurance Agency by crediting the account of Keys Engineering Company for the said amount.

17. The policy of insurance issued by American Casualty Company, No. U–32556, contains the following provision:

"(11) If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable."

18. The policy of insurance in force issued by Boston Insurance Company, No. 486460, contains the following provision:

"Provided that where the Assured is, irrespective of this insurance, covered or protected against any loss or claim which would otherwise have been paid by this Company, under this policy, there shall be no contribution by this Company on the basis of double insurance or otherwise."

Conclusions of Law

1. The Court has jurisdiction of the subject matter and all of the parties of record in this cause.

2. Keys Engineering Company and American Casualty Company are bound by the terms and conditions of the policy of insurance, No. U–32556, issued for the period March 21, 1956, to March 21, 1957, and Keys Engineering Company and Boston Insurance Company are bound by the terms and conditions of the policy of insurance issued for the period June 1, 1956, to June 1, 1957.

■ 3. In order to be effective, a notice of cancellation of a policy of insurance must be unequivocal and absolute.

■ 4. The letter of November 28, 1955, written by an employee of Keys Engineering Company to American Casualty Company is not an unequivocal and absolute notice of cancellation and did not effectuate a cancellation of the policy of insurance in force at the time of the mailing of the letter, nor did it effectuate

a cancellation of any subsequent policy of insurance.

■ 5. The policy of insurance issued by American Casualty Company was composed of two distinct coverages: (1) Workmen's Compensation Coverage, and (2) Employers' Liability Coverage; each being exclusive of the other and each indemnifying the Plaintiff against liabilities not included in the other coverage.

■ 6. The death of Noard L. Baker created a liability of Keys Engineering Company contemplated by coverage afforded by the employers' liability portion [coverage B] of the said policy of insurance.

7. The policy of American Casualty Company, No. U–32556, was in full force and effect on the date of the death of Noard L. Baker and the liability resulting from the death of Noard L. Baker was a risk covered by said policy of insurance.

■ 8. That provision of the policy issued by American Casualty Company referred to in Finding of Fact No. 17 is a valid "other insurance" pro-ration provision and should be given effect in determining the liability of the parties to this suit.

■ 9. The coverage afforded by Boston Insurance Company's policy constituted "other insurance" within the meaning of the "other insurance" clause of American Casualty Company's policy as set out in Finding of Fact No. 17. That provision of the policy of the Defendant, Boston Insurance Company, referred to in Finding of Fact No. 18 does not have the effect of limiting Boston Insurance Company's liability on its policy to the sum of $55,000, but merely limits the coverage of the Boston policy to that portion of the loss remaining after determining the liability of American.

■ 10. American Casualty Company is liable to Keys Engineering Company under the employers' liability [coverage B] portion of its policy for a sum

to be computed by applying the formula as outlined in the pro-ration provision of the American Casualty Company policy.

11. Boston Insurance Company is liable to the Plaintiff, Keys Engineering Company, under its policy of insurance for the pro-rata share of the loss insured upon, said share to be determined by application of the formula contained in American's policy less a credit of $55,000 heretofore advanced by the Boston Insurance Company to Keys Engineering Company.

12. American Casualty Company and Boston Insurance Company are liable to the Keys Engineering Company for the following sums:

a. $25,782.04, plus

b. interest thereon at the legal rate from February 24, 1959, to this date, plus

c. court costs expended herein by the Plaintiff.

13. American Casualty Company is liable to the Plaintiff for an attorneys fee in the amount of $1,500. Boston Insurance Company is liable to the Plaintiff for an attorneys fee in the amount of $500.

14. The formula contained in the "other insurance" clause of American Casualty Company's policy shall be applied as follows:

"(11) If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss [$80,782.04] than the amount which would have been payable under this policy [$25,000.00] had no such other insurance existed, bear to the sum of said amount [$25,-000.00] and the amount [$80,282.04, after allowing the $500.00 deductible] which would have been payable under each other policy applicable to such loss [said sum being $25,000.00 plus $80,282.04 or $105,-282.04] had each such policy been the only policy so applicable."

15. After applying the aforesaid formula in the manner described the Plaintiff, Keys Engineering Company, is entitled to judgment against the American Casualty Company for $\frac{25,000.00}{105,282.04}$ of $80,782.04, together with interest thereon from February 24, 1959, and its costs in this action. The Plaintiff, Keys Engineering Company, is entitled to judgment against the Boston Insurance Company for the remainder of said sum of $80,782.04, less the sum of $55,000 heretofore advanced to the Plaintiff, Keys Engineering Company, by the Defendant, Boston Insurance Company, together with interest from February 24, 1959, and for its costs in this action. The Plaintiff is further entitled to judgment for attorneys fee in the sum of $1,500 against the Defendant, American Casualty Company, and to judgment for attorneys fee in the sum of $500 against the Defendant, Boston Insurance Company.

Plaintiff will prepare a Final Judgment in accordance with the foregoing Findings of Fact and Conclusions of Law submitting it to counsel for the Defendants for approval as to form only.