STATE AUTOMOBILE AND CASUALTY UNDERWRITERS BY AUTOMOBILE UNDERWRITERS, Attorney in Fact, Appellant,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.

No. 53192.

Supreme Court of Iowa.

April 8, 1969.

**762**

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

Davis, Huebner, Johnson & Burt, Des Moines, for appellee.

MOORE, Justice.

The factual background of this case has come to our attention in two earlier appeals, Price v. King, 255 Iowa 314, 122 N.

W.2d 318 and Price v. King, 259 Iowa 921, 146 N.W.2d 328. In the latter case we held our workmen's compensation law did not bar an employee, Price, from bringing a common law damage action for injuries, sustained in the course of his employment, against a coemployee, King. Both Price and King were employed by Lee and Johnson, Inc., at the time Price was injured by King's motor vehicle. Subsequent to that decision plaintiff herein, State Automobile and Casualty Underwriters paid Price $21,900 on behalf of its insured, King. Plaintiff made this payment pursuant to its obligations under a family automobile liability policy it had issued to King.

Prior to satisfying the judgment rendered against King plaintiff demanded contribution from defendant herein, Hartford Accident and Indemnity Company, Lee and Johnson's workmen's compensation and employer's liability insurance carrier. Defendant refused to make any contribution.

On February 29, 1967 plaintiff filed its petition at law, seeking contribution from defendant for one-half the amount it had paid Price on behalf of its insured, King. Both policies involved were made a part of plaintiff's petition. Paragraph 13 of the petition alleged: "That Charles King being an employee of Lee and Johnson, Inc., became an insured under Coverage B of Defendant's aforementioned policy issued to Lee and Johnson, Inc."

Defendant on June 7 filed a motion to dismiss on the grounds the petition failed "to state a claim upon which any relief can be granted".

Following filing of plaintiff's resistance the trial court on March 7, 1968 made the following ruling: "Upon the general rule of Law, inter alia, that a prerequisite to enforce contribution between insurers, policies must insure same interest against same casualty.

"Therefore: Ordered, Defendant's Motion to Dismiss is Sustained and case dismissed at Plaintiff's costs."

The issues presented on plaintiff's appeal are whether King was an insured under defendant's employer's liability policy and if so whether the parties had insured the same interest for the same casualty so that plaintiff is entitled to contribution.

Defendant asserts (1) King was not an "insured" within the meaning of its policy, (2) the parties had not in fact insured the same interest in the same casualty so as to entitle plaintiff to contribution and (3) that if King were found to be an "insured" under its policy, plaintiff's claim would still fail as it had not complied with the notice provisions of defendant's policy.

We affirm and because of the conclusion reached concerning the status of plaintiff's insured relative to coverage afforded under defendant's employer's liability policy we need not and do not reach the questions of identity of insurable interests and compliance with the notice provisions of the policy.

I. Defendant issued to Lee and Johnson, Inc., what is designated on the face of the policy as a "Standard Workmen's Compensation and Employers' Liability Policy". The policy provides two separate and distinct coverages denominated as A and B.

Coverage A of the policy reads: "Workmen's Compensation: to pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."

Coverage B reads: "Coverage B—Employers' Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the Insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto."

Condition 11 of the policy reads: "Other Insurance: If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable."

Plaintiff's policy issued to King contains a similar "other insurance" provision.

Plaintiff contends its insured, King, is an "insured" within the meaning of coverage B as set out above and as such is entitled to contribution in accordance with the "other insurance" provision of defendant's policy. In support of this position plaintiff argues that as the term "insured" is nowhere specifically defined in defendant's policy its meaning is thereby rendered ambiguous and under well established rules of construction the term should be accorded a meaning favorable to plaintiff.

■ It is true, as plaintiff urges, that if the language of the policy is, without violence, susceptible of two interpretations, that one which will sustain its claim and cover the loss will be adopted over that construction which will defeat recovery. Language in a policy which is unclear and ambiguous is to be strictly construed against the insurer. Eckard v. World Insurance Co., 250 Iowa 782, 787, 96 N.W.2d 454, 456; Youngwirth v. State Farm Mut. Auto. Ins., 258 Iowa 974, 978, 140 N.W.2d 881, 883; Goodsell v. State Automobile and Casualty Under., Iowa, 153 N.W.2d 458, 461; General Casualty Company of Wisconsin v. Hines, Iowa, 156 N.W.2d 118, 122.

■ We likewise agree the well settled rule is that in the construction of insurance contracts the intention of the parties should control. Indianola Club v. Fireman's Ins. Co., 250 Iowa 1, 4, 92 N.W.2d 402, 404;

Wenthe v. Hospital Service, Inc., 251 Iowa 765, 768, 100 N.W.2d 903, 905; Baldwin v. Equitable Life Assur. Soc., 252 Iowa 639, 645, 108 N.W.2d 66, 70.

We have often said the rules for resolving ambiguous policies do not come into play unless it can be fairly said there is a real ambiguity in the terms of the policy. Mallinger v. State Farm Mut. Auto. Ins. Co., 253 Iowa 222, 226, 111 N.W.2d 647, 649; Randolph v. Fireman's Fund Ins. Co., 255 Iowa 943, 945, 124 N.W.2d 528, 529; Wilson v. State Farm Mut. Auto. Ins. Co., 256 Iowa 844, 847, 128 N.W.2d 218, 220.

A strained or unreasonable construction of the language used, where there is no real ambiguity, should not be indulged in. Jones v. Continental Cas. Co., 189 Iowa 678, 682, 179 N.W. 203, 204, 18 A.L.R. 1329. The language may not be forced in order to create ambiguity or to render uncertain that which is plain. Diehl v. American Life Ins. Co., 204 Iowa 706, 710, 213 N.W. 753, 754, 53 A.L.R. 1528. And it is well settled that if there is no ambiguity in the contract there is no right or duty on the part of the court to write a new contract of insurance between the parties. Wilson v. Equitable Life Ins. Co., 220 Iowa 321, 324, 262 N.W. 525, 527.

The provisions in the policy issued by defendant must be read in connection with the policy as a whole and in light of the declarations attached to or made a part thereof. Aeroline Flight Service v. Insurance Co., 257 Iowa 409, 415, 133 N.W.2d 80, 84.

In recognizing propositions we deem so well established that authorities need not be cited in support of them we adopted Rule 344(f) 14, Rules of Civil Procedure, which provides: "In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says."

In accordance with these rules of construction we are convinced plaintiff's claim that King became an "insured" within the terms of defendant's policy is untenable. Plaintiff's interpretation flies in the face of the clearly expressed language of coverage B and is irreconcilable with the purpose for which that coverage was purchased.

Coverage B specifically states the coverage granted therein becomes effective where an injury has been sustained by "any employee of the insured arising out of and in the course of his employment by the insured." This language relates to the employer as the insured party, not the employee. It states the injury must be to "any employee of the insured" and "arising out of and in the course of his employment by the insured". Plaintiff's claim King is an "insured" within the meaning of the policy impliedly equates an employee with and elevates him to the status of an employer. To so hold would result in a tortured construction of the language used and would force the existence of an ambiguity which is not reasonably apparent.

The declarations on the face of defendant's policy designate Lee and Johnson, Inc., as the sole insured party. Additional coverage afforded by attached endorsements name only Lee and Johnson, Inc., as the insured. The company was responsible for the payment of all premiums. Nowhere in the policy do we find language to the effect an employee is to be considered an employer for the purpose of becoming an "insured" under the employer's liability coverage. All of the policy's conditions and exclusions contemplate only one insured, Lee and Johnson, Inc. All these factors combine to make it clear plaintiff's insured, King, was not an "insured" within the terms of defendant's policy.

In further argument plaintiff in effect claims the trial court's ruling prevented it from adducing evidence of the employer's possible motive for procuring employer's liability insurance. One of these motives, plaintiff urges, might well

have been to protect an employee from the adverse financial consequences incurred as a result of his negligent acts committed while in the course of his employment. We agree such a protection factor may be of definite significance in furthering harmonious employer-employee relations, however, such a consideration is wholly outside the expressed terms of the written contract of insurance involved here. The employer's liability provision, by its very terms, renders consideration of such a factor impermissible.

■ An additional and quite persuasive factor militating against plaintiff's contention is the obvious purpose of coverage B to extend protection to the employer in the event of an action by an injured employee because of injuries sustained by him in the course of his employment, which employee for some reason was not within the scope of the workmen's compensation coverage afforded by coverage A. Such a case might arise in another state, or where farm labor is involved or perhaps where an employee elects to reject coverage under the workmen's compensation statute and who would therefore bring his damage action under common law principles. The authorities seem unanimous in holding employer's liability insurance, such as that provided under coverage B, exists for the protection of the employer and is not directly available to an injured employee.

"A contract to indemnify an employer against liability for personal injuries is a contract of insurance, governed essentially by the rules applicable to other types of contracts. While it has sometimes been stated that such a contract is primarily for the benefit of the employees of the insured, there is no privity of contract between such employee and the insurer, the contract being solely between the employer and the company. The true purpose is not one of charity but, as in automobile insurance, to protect the insured against legal liability. These parties would have the right to insert any restrictions which they see fit." Appleman, Insurance Law and Practice, Vol. 7A, section 4571, pages 145, 146.

29A Am.Jur., Insurance, section 1351, page 467 states: "Employers' Liability Insurance.—A type of liability insurance policy which has been largely supplanted by workmen's compensation insurance, at least as to employers comprehended by the workmen's compensation acts in the various states, is that known as employers' liability insurance, which is designed to cover the liability of employers for death of or injury to their employees. * * *." See also Couch on Insurance, 2d, section 1:41, page 60; 45 C.J.S. Insurance § 824, pp. 872–874.

For cases discussing insurance provisions similar to coverage B and inferentially determining the purpose of such provisions as affording coverage solely for the protection of the employer and not an injured employee, see Danek v. Hommer, 28 N.J. Super. 68, 100 A.2d 198, 201, affd. 15 N.J. 573, 105 A.2d 677; Keys Engineering Co. v. Boston Insurance Co., S.D.Florida, 192 F.Supp. 574, 577; Carolina Veneer & L. Co. v. American Mut. Liability Ins. Co., 202 S.C. 103, 24 S.E.2d 153, 155; Owens v. Jackson-Hinton Gin Co., Texas Civ.App., 217 S.W. 762, 764; Blessing v. Ocean Accident & Guarantee Corporation, 152 Or. 632, 54 P.2d 300, 301.

We hold plaintiff's insured, King, is not an "insured" under coverage B of defendant's policy. The obvious purpose of coverage B is to protect the employer, Lee and Johnson, Inc., from common law liability because of injuries sustained by an employee who does not come within the workmen's compensation law. Such insurance is manifestly for the benefit of the employer, not the employee.

■ II. The trial court's ruling was based on the theory that "to enforce contribution between insurers, policies must insure same interest against same casualty". We have chosen to rest our decision on grounds different than those relied upon by the trial court.

In Stake v. Cole, 257 Iowa 594, 602, 133 N.W.2d 714, 718, 719, we say: "It is true the trial court did not rest its decision nor do defendants seek to uphold it on the ground now suggested. We think the court might well have done so and that the decision may be affirmed here on such ground. We are committed to the rule that we must affirm the trial court if any sufficient basis appears in the record therefor even though the ruling was placed upon a different ground. The burden is on appellant to demonstrate error and this he has not done if the record shows proper support for the ruling complained of." See also Houlahan v. Brockmeier, 258 Iowa 1197, 1203, 1204, 141 N.W.2d 545, 549; Binkholder v. Carpenter, Iowa, 152 N.W.2d 593, 596; In re Estate of Martin, Iowa, 155 N.W.2d 401, 403, 404, and citations in each.

The order of the trial court dismissing plaintiff's petition was correct.

Affirmed.

All Justices concur.