Gay L. STOVER, Appellee,

v.

STATE FARM MUTUAL INSURANCE COMPANY, Appellant.

No. 54274.

Supreme Court of Iowa.

Sept. 9, 1971.

Hamilton, Connell & Redenbaugh, Storm Lake, for appellant.

James W. Hudson, Pocahontas, for appellee.

MOORE, Chief Justice.

Defendant, State Farm Mutual Insurance Company, appeals from judgment for plaintiff, Gay L. Stover, and asserts its personal and farm liability policy clearly excludes coverage for injuries sustained by plaintiff's farm employee while loading plaintiff's truck away from the premises described in the policy.

The relevant facts are stipulated or found in the pleadings. The original petition was filed against Stover by his farm employee, Garry L. Flaherty. It alleged that prior to August 1, 1966 Flaherty was employed by Stover as a laborer in Stover's activities of farming and custom corn shelling. It further alleged that about 6:30 a. m., August 1, 1966 Flaherty reported for work at the Ted Dornath farm where Stover was conducting a corn shelling operation; Stover severely reprimanded Flaherty for being late; ordered him to mount

the grain box of Stover's 1966 Ford truck to level corn as it came from the corn sheller; Flaherty did mount the grain box of the truck which had been parked by Stover on an angle causing one side of the box to be approximately 15 degrees lower than the other; as the grain box filled with corn Flaherty's position rose to a point where he was standing on corn above the top of the grain box; Flaherty was unable to keep the corn level; Stover refused to move the truck forward to level ground and Flaherty slipped off the lower side, fell to the ground and severely injured his right leg.

Flaherty alleged Stover was negligent in directing and requiring him to work on top of the grain box as it filled with shelled corn. He sought $6338 damages.

Stover's answer denied negligence on his part and alleged Flaherty had assumed the risk incident to his work and that his injury was caused by his own negligence.

Stover interpleaded State Farm Mutual Insurance Company and also the Home Indemnity Company of New York. He attached to his pleadings copies of his insurance policies with each. His policy with Home Indemnity was liability insurance on his 1966 Ford truck. We shall discuss infra the terms of his personal and farm liability policy with State Farm.

On trial Flaherty was given judgment against Stover for $3000 plus interest and costs. Thereafter Home Indemnity compromised with Stover and paid him $1750.

On trial of the issues between Stover and the appellant here, State Farm, the trial court made a general finding of policy coverage and entered judgment for the amount of Flaherty's recovery against Stover plus $600 attorney fees incurred by Stover after State Farm's refusal to defend the Flaherty claim. An offset of the $1750 paid by Home Indemnity was allowed. The trial court made no reference to paragraph 3 of State Farm's answer which alleged: "That the policy on its face, to-wit, Sub-paragraph (b) of the exclusions, specifically excludes coverage in this instance (Sub-paragraph (1) thereof)." We of course should have the benefit of the trial court's views on this primary issue. We are also entitled to a brief and argument by appellee Stover but none has been filed.

As errors relied upon for reversal State Farm asserts: (1) The trial court erred in finding coverage existed, when the record as stipulated was insufficient to support such a finding, (2) The allegations in the principal action define a situation that is clearly within the policy exclusion, thus, no duty to defend the insured arose. We agree and hold the judgment must be reversed.

I. State Farm's "personal and farm policy" describes Stover's 525 acre farm in Pocahontas County as the premises covered and contains three pages of the same size type relating to insuring agreements, definitions, exclusions, conditions and mutual conditions. The "insuring agreements" include:

"Coverage AF—Comprehensive Personal Liability. Division 1—Bodily injury and Property Damage Liability. To pay all damages which the insured shall become legally obligated to pay because of bodily injury sustained by other persons and injury to or destruction of property of others.

" * * *

"Coverage DF—Farm Employer's Liability. To pay all damages which the insured shall become legally obligated to pay because of bodily injury, sustained by a farm employee of the insured while engaged in the employment of the insured."

The "exclusions" include:

"This policy does not apply: * * *

"(b) to the ownership, maintenance, operation or use, including loading or unloading of (1) automobiles or midget automobiles while away from the premises, except under coverage AF with respect

to operations by independent contractors for non-business purposes of an insured not involving automobiles owned or hired by an insured; * * *."

"Definitions" set out in the policy include:

"Automobile—means a land motor vehicle, trailer or semi-trailer other than farm tractors and trailers not subject to motor vehicle registration and farm implements while such farm tractors, trailers and implements are used in connection with a farm."

II. Rule 344(f) 14, Rules of Civil Procedure, provides:

"In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says."

We have often said the rules for resolving ambiguous policies do not come into play unless it can fairly be said there is a real ambiguity in the terms of the policy. A strained or unreasonable construction of the language used, where there is no real ambiguity, should not be indulged in. And it is well settled that if there is no ambiguity in the contract there is no right or duty on the part of the court to write a new contract of insurance between the parties.

The provisions in the policy issued by defendant must be read in connection with the policy as a whole and in light of the declarations attached to or made a part thereof.

Supported by citation of many of our earlier cases each of the above well established principles are set out and applied in State Auto & Cas. Underwriters by Auto Underwriters v. Hartford Acc. & Ind. Co., Iowa 1969, 166 N.W.2d 761, 764. Citations need not be repeated here.

Mallinger v. State Farm Mut. Auto. Ins. Co., 253 Iowa 222, 111 N.W.2d 647, is frequently cited in support of the foregoing general legal principles. It is factually similar to the case at bar. At pages 227, 228 of 253 Iowa, page 650 of 111 N.W. 2d, we say:

"The California case of Security Trust and Savings Bank of San Diego v. New York Indemnity Co., 220 Cal. 372, 377, 31 P.2d 365, 368, is much in point. The California Supreme Court there said: 'The very purpose of exception or limitation clauses is to exclude risks otherwise covered by general coverage clauses. It is of their nature to conflict with general clauses, in that they constitute restrictions on the latter. An insurance contract, like any other contract, should be construed as an entirety, the intention being gathered from the whole instrument.'

"While the exclusions in the policy now before us are not on the same page as the general coverage, they are clearly set out. They are in the same size type as the remainder of the policy; and, as pointed out above, they are labeled at the top of page 8, where the one in question is found, in large black faced type. 'Exclusions * * *.' The most casual inspection of the policy could not miss at least this heading which is in itself a warning to the policyholder to see what is excluded."

We find no ambiguity in the policy before us as it relates to the issues involved. The quoted exclusionary clause is clear and when read with all other terms of the policy as applied to the undisputed facts the trial court erred in finding coverage for injury and damage suffered by Flaherty while loading Stover's truck at the Dornath farm.

III. Our second problem is whether State Farm should be held liable for attorney fees incurred by Stover in contesting Flaherty's claim. The policy includes State Farm's agreement to "(a) defend any suit against the insured alleging such bodily injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but

the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

As pointed out by appellant it does not have a mandatory duty to defend any and all suits alleging the negligence of an insured. Any duty must be considered in view of the policy provisions and the allegations of the third party's petition against the insured.

■ In the absence of extraneous circumstances not shown here a liability insurance company has no duty to defend a suit brought by a third party against the insured where the petition in such suit upon its face alleges facts which fail to bring the case within the policy coverage. The company is not required to defend if it would not be bound to indemnify the insured even though the claim against him should prevail in that action. Central Bearings Co. v. Wolverine Insurance Company, Iowa, 179 N.W.2d 443, 445. The above general rule, supported by a host of cited prime authorities, is stated in 50 A.L.R.2d 458, section 9, page 472. See also 7A Appleman, Insurance Law and Practice, section 4683; 44 Am.Jur.2d, Insurance, section 1539.

In considering the terms of two policies very similar to those in the case at bar the general rule was recognized and applied in Priester v. Vigilant Insurance Co., 268 F.Supp. 156, 158 (S.D.Iowa, 1967).

■ Flaherty did not plead facts which if proven would make appellant Stover's insurer and therefore no duty to defend arose. The trial court erred in holding appellant liable for attorney fees.

It was error to enter judgment against appellant, State Farm Mutual Insurance Company.

Reversed.

All Justices concur.