STATE FARM AUTOMOBILE INSUR-
ANCE COMPANY, Appellant,

v.

Ferris L. MALCOLM, Donna J. Malcolm
and AID Insurance Services, Appellees.

No. 59357.

Supreme Court of Iowa.

Nov. 23, 1977.

M. Gene Blackburn, of Mitchell, Murray, Blackburn & Coleman, P.C., Fort Dodge, for appellant.

Jerry C. Estes, of Kersten, Opheim, Carlson & Estes, Fort Dodge, for appellees Ferris L. Malcolm and Donna J. Malcolm.

Michael H. Figenshaw, of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee AID Insurance.

Heard by MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff-insurer appeals judgment sustaining defendants' motion for summary judgment and dismissing its petition for declaratory judgment as to the applicability of an exclusionary clause in an automobile insurance policy. We affirm.

The background of this case can be chronologically summarized as follows. On July 22, 1972, Ferris Malcolm was operating a motor vehicle in the performance of his duties as a rural mail carrier in the employment of the United States Postal Service when he was involved in an automobile accident with a private citizen, Estelle Williams, who was seriously injured.

Shortly before the Iowa statute of limitations was to run, Williams brought an action in the Pocahontas District Court on July 18, 1974, naming as defendants Ferris L. Malcolm and his wife, Donna J. Malcolm. The theories of recovery alleged were negligent operation of a motor vehicle by Ferris and co-ownership of the motor vehicle by both defendants.

Pursuant to 28 U.S.C. section 2679, The Federal Drivers Act, the United States intervened in the case, successfully moved to remove the case to federal district court and was substituted as a party defendant. Ultimately the action was dismissed because the plaintiff had failed to follow the proper administrative procedure under the federal act as required by 28 U.S.C. section 2401(b). The effect of the ruling is that Ferris, the federal employee, is now out of the case. That same day, December 5, 1974, the action as to Donna was remanded to state district court where it still remains awaiting trial. The federal court judge ruled the claim against her was a separate and distinct action based on the Iowa ownership statute, Code section 321.493.

On July 18, 1975, State Farm Insurance Company filed a petition seeking a declaratory judgment against its insureds, Ferris and Donna Malcolm to interpret an exclusion in Malcolms' insurance policy. Also named defendants were AID Insurance Services (The Workmen's Compensation Carrier of Williams's employer) and the United States of America (Ferris Malcolm's employer). State Farm alleged that the exclusion clause "this insurance does not apply to any obligation for which the United States may be held liable under the Federal Tort Claims Act" relieved them of the duty to defend under the policy. The company's position was that at the time the original suit was filed there existed the possibility of federal tort claim liability because there were four days remaining to perfect an administrative remedy.

Defendant Donna Malcolm answered denying that the exclusion relieved State Farm of the duty to defend and raised estoppel as an affirmative defense "because the company had never raised the issue prior to the dismissal of the suit against Ferris." Defendant AID Insurance answered denying applicability of the exclusion.

On September 18, 1975, defendants Malcolm filed a motion for summary judgment asserting because Ferris Malcolm had been dismissed in the federal case the exclusion was irrelevant as to him. The motion further stated Donna as owner of the car under section 321.49 was not covered by the FTCA and the State Farm exclusion was therefore inapplicable as to her. State Farm resisted the motion.

On March 11, 1976, the trial court generally sustained defendant-insureds' motion for summary judgment holding the exclusion was inapplicable. This appeal followed. Prior to submission State Farm dismissed the appeal and its claim against the United States.

I. State Farm's standard automobile policy covers fifteen pages relating to insur-

ing agreements, definitions, conditions and exclusions. The "insuring agreements" include:

"COVERAGE A—BODILY INJURY LIABILITY

"COVERAGE B—PROPERTY DAMAGE LIABILITY

"To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of

"A. *bodily injury* sustained by other *persons,* and

"B. *property damage.*

"caused by accident arising out of the ownership, maintenance or use  .   .   . of the *owned motor vehicle* ; and to defend,  .   .   . any suit against the *insured* alleging such *bodily injury* or *property damage* and seeking *damages* which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent  .   .   .."

The definitions and conditions further explain coverage as follows:

"Insured—the unqualified word 'insured' includes

"(1) the name of the insured, and

"(2) if the named insured is a *person* or *persons* also includes his or their spouse(s) if a resident of the same household."

"  *   *   *

"Joint and Several Interests.  If two or more insureds are named in the declarations, this policy shall apply to them jointly and severally, unless otherwise specifically stated herein.  *   *   *."

The "exclusions" include:

"This insurance does not apply under:

"  *   *   *.

"(d) COVERAGES A AND B,

"  *   *   *

"(2)  TO  ANY  OBLIGATION  FOR WHICH THE UNITED STATES MAY BE HELD LIABLE UNDER THE FEDERAL TORT CLAIMS ACT."

■  II.  We recognize the Insurance Company's duty to defend is contractual and is therefore ultimately based on the policy provisions.  In determining whether

under a given case the company is obligated to defend we must construe the policy in question, the pleadings of the injured party and any other admissible and relevant facts in the record.  The company is not required to defend if it would not be bound to indemnify the insured even though the claim against him should prevail in that action. *New Hampshire Insurance Company v. Christy,* Iowa, 200 N.W.2d 834, 838, 839; *Stover v. State Farm Mutual Insurance Company,* Iowa, 189 N.W.2d 588, 592; *Central Bearings Co. v. Wolverine Insurance Company,* Iowa, 179 N.W.2d 443, 445.

■  Whether State Farm is obligated to defend in this case thus turns on whether the "Federal Tort Claims Act" exclusion effectively delineates the coverage provisions of the policy.  The insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations or exclusionary clause in clear and explicit terms.  *Benzer v. Iowa Mutual Tornado Insurance Ass'n.,* Iowa, 216 N.W.2d 385, 388.  Furthermore, the company has the burden to prove the applicability of the policy exclusion.  *Long v. Glidden Mutual Insurance Association,* Iowa, 215 N.W.2d 271, 274; *Rich v. Dyna Technology, Inc.,* Iowa, 204 N.W.2d 867, 871.

■  State Farm strongly contends the meaning of the exclusion is clear and therefore our rules for construing ambiguous contracts are inapplicable; the parties' intent is to be determined solely by what the contract itself says.  Rule 14(f)(14), Rules of Appellate Procedure.  It is axiomatic the words and phrases of the policy should not be strained to impose liability that was not intended and not purchased.  *Central Bearings Co. v. Wolverine Insurance Company, supra,* 179 N.W.2d at 445.  And it is equally well established that if there is no ambiguity in the contract there is no right or duty on the part of the court to write a new contract of insurance between the parties. *Stover v. State Farm Mutual Insurance Co., supra,* 189 N.W.2d at 591; *State Auto. & Cas. Under. v. Hartford Acc. & Ind. Co.,* Iowa, 166 N.W.2d 761, 764.

The crux of the company's arguments is that an obligation under the Federal Tort Claims Act was still possible when the injured party filed his petition against the Malcolms and therefore this insurance coverage is excluded.

Mrs. Malcolm also contends the contract exclusion is clear but argues it only becomes applicable where the theory of liability is under the Federal Tort Claims Act. Thus it does not apply where liability is based on the Iowa Motor Vehicle Ownership Liability statute, Code section 321.493.

Because we believe the language of the policy is without violence, susceptible to two interpretations, we believe the exclusion is ambiguous and should be construed by this court. See *State Auto. & Cas. Under. v. Hartford Acc. & Ind. Co., supra,* 166 N.W.2d at 763.

III. An insurance policy is a contract of adhesion and therefore its provisions will be construed in a light most favorable to the insured. *Connie's Const. v. Fireman's Fund Ins.,* Iowa, 227 N.W.2d 207, 210; *Benzer v. Iowa Mutual Tornado Insurance Ass'n., supra,* 216 N.W.2d at 389. In keeping with that principle, exclusions are strictly construed against the insurer. *Connie's Const. v. Fireman's Fund Ins., supra; Dirgo v. Associated Hospitals Service, Inc.,* Iowa, 210 N.W.2d 647, 650. In construction and application of this standardized insurance contract, courts strive to effectuate the reasonable expectations of the average member of the public who accepts it. *Steinbach v. Continental Western Ins. Co.,* Iowa, 237 N.W.2d 780, 782; *C & J Fert., Inc. v. Allied Mut. Ins. Co.,* Iowa, 227 N.W.2d 169, 176.

The purposes of the exclusion shed light on the construction it should receive. These purposes can only be understood by a brief discussion of litigation under the Federal Tort Claims Act. 28 U.S.C. section 1346(b), section 2671 et seq.

Prior to 1961 a person injured due to the negligent operation of a motor vehicle by an employee of the federal government while in the scope of his employment could seek damages under the Federal Tort Claims Act, 28 U.S.C. section 1346(b), section 2671 et seq. If the federal employee had automobile liability coverage from a private insurance carrier (because the driver was also separately amenable to suit), the United States could seek indemnity under the policy's omnibus clause. This was possible because of judicial decisions holding that the United States was an additional insured under the language of the omnibus clause. *Government Employees Insurance Co. v. Ziarno,* 2d Cir., 273 F.2d 645; *Irvin v. United States,* S.D., 148 F.Supp. 25.

In 1961, the Federal Tort Claims Act was amended by the "Federal Driver's Act," 28 U.S.C. section 2679(b)–(e) to provide, in essence, that the remedy embodied in the FTCA was to be "exclusive of any other civil action or proceeding by reason of the same subject matter against the employee" for property damage or personal injury resulting from the operation of any motor vehicle while acting within the scope of his employment. Clearly the purpose of section 2679 as amended is to substitute the liability of the United States for that of the employee and to immunize the federal employee from personal liability on claims arising from vehicle accidents during the course of his employment. 1A Moore's Federal Practice, ¶ 0.164[4.–1] at 327. The usual procedure is the one which occurred here. The plaintiff originally files suit against the employee in state court, the United States Attorney General certifies that the defendant was acting in the scope of his employment, the case is then removed to federal court where the original defendant-employee is dismissed from the action and the United States is substituted as a party. See discussion, 1A Moore's Federal Practice, ¶ 0.164[4.–1] at 326–335; Wright-Miller-Cooper, Federal Practice and Procedure: Jurisdiction, section 3658 at 228–230. Also see Annot., 16 A.L.R.3d 1394, "Validity, Construction and Effect of 28 USC § 2679(b), Providing That Remedy Against The United States For Negligent Operation Of Motor Vehicle Is Exclusive Of Remedy Against Driver-Employee;" Annot., 4 A.L.R.Fed. 6, "Federal Tort Claims Act: Auto-

mobile Negligence Cases." After enactment of this amendment, private automobile insurance carriers began to assert the United States no longer fell within the omnibus clause of automobile policies. This contention has not been successful.

Numerous federal courts have adhered to the position that if the federal employee has private insurance coverage for accidents occurring in the scope of his employment the insurance company is bound by the broad language of its contract and thus the United States may be indemnified for its loss as an additional insured. See *United States v. Myers*, 5th Cir., 363 F.2d 615; *Government Employees Insurance Company v. United States*, 10th Cir., 349 F.2d 83, cert. denied, 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, rehearing denied, 383 U.S. 939, 86 S.Ct. 1064, 15 L.Ed.2d 857.

As a result of this line of decisions, the insurance industry has attempted to write automobile insurance policies in such a manner as to exclude coverage of a federal employee while operating his automobile on government business. See 36 Mil.L.Rev. 91, "The Federal Government As An Insured Under An Employee's Auto Insurance Policy." The Fifth Circuit in *Myers, supra*, suggested this possibility clearly existed. Similarly the Eighth Circuit has also stated these exclusions are valid where supported by consideration. *Southern Farm Bureau Casualty Ins. Co. v. United States*, 8th Cir., 395 F.2d 176, 180. The courts have squarely upheld these types of exclusions where the federal government has sought indemnity as an additional insured. *Government Employees Insurance Co. v. United States*, 10th Cir., 400 F.2d 172, 175; *Stephan v. Madison*, D.C.N.Y., 223 F.Supp. 256.

It is thus clear that the purpose of the type of exclusion herein litigated is to prevent the federal government from recovering indemnity against the private insurance carrier after judgment has been entered in a Federal Tort Claims action. However, we must still construe the clause as it relates to the duty of the company to defend its insured against actions brought by injured third parties.

The federal district court dismissed Ferris Malcolm as a defendant in the federal action and subsequently dismissed the federal tort claim because plaintiff Williams failed to exhaust his administrative remedies. Thus this court need not reach the issue of Ferris Malcolm's right to a defense because he is out of the suit.

■ IV. We turn then to construction of the exclusion as it applies to Estelle Williams's claim against Donna Malcolm made pursuant to the Iowa owner liability statute, Code section 321.493. The question here is whether we should interpret the language of the exclusion clause so as to exclude only those claims against the particular persons covered by the FTCA but not related claims arising out of the same occurrence.

■ If we adopt State Farm's interpretation of the policy we would transform the exclusion which is a shield against the federal government being indemnified in Federal Driver's Act cases under 28 U.S.C. section 2679(b)–(e) into a sword against its named insureds. See *Government Employees Insurance Co. v. United States*, 10th Cir., 400 F.2d 172, 175. As the Second Circuit said in an analogous case interpreting the old Tort Claims Act prior to the 1961 amendments, "were [we] to adopt the construction of the endorsement pressed upon us by the insurance company, the employee would be afforded no protection whatever by the policy." *Government Employees Insurance Co. v. Ziarno, supra*, 273 F.2d at 648. This result we cannot abide. Suffice it to say, in this jurisdiction we no longer apply strict rules of construction which will defeat the reasonable expectations of one who purchases automobile insurance from an insurance company totally in control of the contract terms. See *Steinbach v. Continental Western Ins. Co., supra*, 237 N.W.2d at 783; *C & J Fert., Inc. v. Allied Mut. Ins. Co., supra*, 227 N.W.2d at 176; *Rodman v. State Farm Mutual Automobile Ins. Co.*, Iowa, 208 N.W.2d 903, 905–908.

Certainly the natural inference from the expectations of an average policy applicant is that the exclusion does not apply where a named insured who is a non-governmental employee-owner of a covered automobile is sued pursuant to section 321.493.

In our analysis here we are guided by a thoughtful opinion from the Michigan court of appeals which has discussed the relationship between the federal employee driver who is immune from suit by way of 28 U.S.C. section 2679 and a separate owner who is not immune and is potentially liable under the Michigan Automobile Ownership Statute.

In *Abrams v. Sinon*, 44 Mich.App. 166, 205 N.W.2d 295, aff'd, 390 Mich. 387, 212 N.W.2d 14, the Michigan court held that while the Federal Tort Claims Act barred a direct suit against the driver it did not bar a separate action pursuant to the Michigan Owner Liability Act against the owner of a motor vehicle negligently driven by an employee of the United States. We believe the Michigan court's reasoning is sound and that Donna has a separate liability under the Iowa counterpart to the Michigan statute, section 321.493.

While State Farm is correct in arguing that the *Abrams* case does not speak directly to the insurance question, it does persuasively show that Donna has a several and distinct vulnerability to liability apart from the FTCA which the company is obligated to defend. Donna is not a federal employee and consequently is not a person who may be liable under the FTCA. The claim is not based on the FTCA but rather on section 321.493. Under our rules of construction we refuse to adopt a blanket exclusion which leaves the named insured non-governmental employee co-owner of a vehicle "bare."

The trial court was correct in sustaining Donna's motion and entering summary judgment against State Farm.

AFFIRMED.